IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


DONALD L. SYKES,
      Plaintiff,


vs.                                  Case No. 5:07cv16/RS/EMT


DR. CIUNGU, et al.,
      Defendants.
_____/

## ORDER

      This cause brought under 42 U.S.C. § 1983 is presently before the court upon Plaintiff's "Writ on Order to Show Cause" (Doc. 11), which is construed as a response to this court's May 3, 2007 order to show cause and a motion to excuse Plaintiff's payment of the initial partial filing fee imposed by order dated March 29, 2007 (*see* Docs. 8, 10).

      In his motion, Plaintiff states that he is unable to pay the initial partial filing fee in the amount of $21.67 in this case because he presently has no funds in his prison account.

      Before the court rules on Plaintiff's motion, he shall be required to submit a statement from his inmate trust fund account for the period March 1, 2007 through the date of docketing of this order.  If the statement indicates that he has no funds accrued in his account, the court shall permit him to proceed without payment of the initial partial filing fee.  If, however, the updated statement shows monies have been deposited into Plaintiff's account which he could have authorized for payment toward his filing fee obligation, he will not be permitted to proceed without payment. Section 1915(b)(2), under which Plaintiff has been permitted to proceed in forma pauperis in this case,

> places on the prisoner a responsibility to remit [monthly payments totaling 20% of each month's income] — no greater [amount], but no less either.  A prisoner who fails to ensure that the required sum is remitted in one month must make it up later; the statute does not allow deferral past the time when application of the formula would have produced full payment. . . .  An erroneously small payment in a given month postpones collection of that month's installment, but it does not extend the time to complete payment.

Lucien v. DeTella, 141 F.3d 773, 776 (7th Cir. 1998).

Moreover, "a prisoner should . . . refrain from spending [appropriated] funds on personal items until they can be applied properly [toward payment of the filing fee]." *Id.*

Accordingly, it is **ORDERED**:

1.      Plaintiff shall have **THIRTY (30) DAYS** in which to file an updated inmate trust fund account statement from every institution at which he has been incarcerated since March 1, 2007, which reflects all transactions in his account from March 1, 2007, through the date of docketing of this order.

2.      Ruling on Plaintiff's "Writ on Order to Show Cause" (Doc. 11) is deferred pending the court's receipt of Plaintiff's updated inmate trust fund account statement.

3.      The court will take no further action in this action until Plaintiff has complied with this order.

4.      Failure to comply with this order will result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 18th day of May 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**