IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DONALD L. SYKES,
    Plaintiff,

vs.                                     Case No. 5:07cv16/RS/EMT

DR. CIUNGU, et al.,
    Defendants.
_____/

## **ORDER**

    Plaintiff, a Florida inmate proceeding pro se and in forma pauperis, initiated this civil rights action by filing a complaint under 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (*see* Doc. 8).[1] Upon review of the complaint, it appears that Plaintiff failed to use the court-approved form for filing his complaint. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under section 1983 unless the appropriate complaint form is completed. Thus, Plaintiff must file his complaint on the form for use in section 1983 cases, even if he wishes to attach separate pages explaining the facts that underlie the complaint.

    If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of

---

[1]The court notes that on March 29, 2007, the court assessed an initial partial filing fee of $21.67 (*see* Doc. 8). On May 21, 2007, Plaintiff made an initial partial filing fee payment of $55.00 (*see* Docket Entry 13). On July 6, 2007, Plaintiff made a second partial filing fee payment of $15.00 (*see* Docket Entry 14). Also, on July 10, 2007, Plaintiff made a third partial filing fee payment of $2.00 (*see* Docket Entry 15). Thus, Plaintiff shall no longer be required to show cause for his failure to supply an account statement from every institution where he has been incarcerated since March 1, 2007, as previously ordered (*see* Doc. 12 at 2).

the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. §1983.  This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Amended Complaint."

3. Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 17th day of July 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**