IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DONALD SYKES,
    Plaintiff,

vs.                                      Case No.:  5:07cv16/RS/EMT

DR. CIUNGU, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's "Dismissal" (Doc. 18),[1] which the court has construed as a notice of voluntary dismissal of the instant civil rights case filed pursuant to 42 U.S.C. § 1983.

Rule 41(a)(1)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or files a motion for summary judgment.  Because Defendants have not yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

Accordingly, it is **ORDERED**:

The clerk shall change Plaintiff's address to the address he has listed in the signature block of his notice of voluntary dismissal.

And it is respectfully **RECOMMENDED**:

That Plaintiff's notice of dismissal (Doc. 18) be **GRANTED** and this case be **DISMISSED without prejudice**.

---

[1] The court notes that the return address on the envelope sent by Plaintiff does not match his address of record.  Plaintiff is reminded of his continuing obligation to notify the court of changes of address.  The court shall order the clerk to change Plaintiff's address.  In the future, however, Plaintiff shall promptly notify the clerk of any changes of address.

At Pensacola, Florida, this 13th day of August 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**